**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHELINE FRANCOIS,**
on behalf of herself and all
others similarly situated,

    Plaintiff,                                     Case No:

v.

**MCKENZIE, PAUL &**              **DEMAND FOR JURY TRIAL**
**ASSOCIATES, INC.**,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, **MICHELINE FRANCOIS** ("Ms. Francois" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through the undersigned counsel, and hereby sues and files this Class Action Complaint against Defendant, **MCKENZIE, PAUL & ASSOCIATES, INC.** ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. Plaintiff, Micheline Francois, on her own behalf and on behalf of the class she seeks to represent, bring this action for the illegal practices of Defendant, McKenzie, Paul & Associates, Inc., which includes incorporating language that overshadows or contradicts the validation notice required under the FDCPA in Defendant's first communications sent to Plaintiffs in connection with collection of an alleged debt. Plaintiffs allege that Defendant has violated the Fair Debt Collection Practices Act, 15

U.S.C §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in misleading practices that overshadow or contradict Plaintiffs' right to validation of debts. Plaintiffs request that the practices of Defendant described below be declared to violate the FDCPA and that she and the class members be awarded statutory damages payable by Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 15 U.S.C. § 1692k (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

4. Declaratory relief is requested pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff, Ms. Francois, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a (3).

6. Defendant, McKenzie, Paul & Associates, Inc., is a corporation with its principle place of business in the State of Texas, and its registered agent, Michael Rozzen, located at 111 W. Anderson, Bldg. E, #350, Austin, Texas 78752.

7. Further, at all times material hereto, Defendant is a "Debt Collector" as defined by 15 U.S.C. § 1692a (6) where Defendant uses an instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of

any debts, or the regular collection or the regular attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant regularly attempts to collect debts incurred for personal, family, or household purposes from consumers on behalf of creditors such as Bayside Education Institute, Inc. ("Bayside Education Institute").

## FACTUAL ALLEGATIONS

9. Correspondence dated November 15, 2019 on the letterhead of "McKenzie, Paul and Associates, Inc." bearing the signature of M. Rozzen was sent to Plaintiff seeking to collect an alleged debt due to Bayside Education Institute. Said correspondence is attached hereto as **Exhibit "A"** and incorporated by reference.

10. **Exhibit "A"** was received by Plaintiff at her residence in Tampa, Florida.

11. Paragraphs two and four of **Exhibit "A"** state as follows:

> Legal demand is hereby made for **full payment** of your account balance within **ten (10)** days of receipt of this letter by you. Once we have received the entire amount, your debt will be cleared and your credit rating will be protected.
>
> If we do not receive payment or you do not notify us that you dispute the amount, in writing, within thirty (30) days of receipt of this letter, we will be forced to proceed further to collect this debt. If you cannot pay in full by then, but intend to pay, call me **immediately** at (512) 420-0677 to **stop further collection procedures** against you.

12. The alleged debt due to Bayside Education Institute was incurred for personal, family, or household purposes, specifically alleged tuition payments to Bayside Education Institute for Plaintiff's education.

13. Defendant regularly sent letters in the form of **Exhibit "A"** to consumers.

## POLICIES AND PRACTICES COMPLAINED OF

14. It is or was the policy and practice of Defendant to cause collection letters in the form of **Exhibit "A"** to be sent to consumers incorporating language that overshadows or contradicts the validation notice required under the FDCPA in Defendant's first communication sent to consumers in connection with collection of an alleged debt. Plaintiffs allege that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in misleading practices that overshadow or contradict Plaintiffs' right to validation of debts.

15. It is or was the policy and practice of Defendant to cause collection letters in the form of **Exhibit "A"** to be sent to consumers stating that "legal demand is hereby made for full payment of you account balance within ten (10) days of receipt of this letter by you.

16. Paragraphs two and four of **Exhibit "A"** state as follows:

> Legal demand is hereby made for **full payment** of your account balance within **ten (10)** days of receipt of this letter by you. Once we have received the entire amount, your debt will be cleared and your credit rating will be protected.

### Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")

17. Plaintiff re-alleges paragraphs 1-16 and incorporates the same herein by reference.

18. At all times relevant hereto, Defendant is subject to and must abide by the FDCPA, 15 U.S.C. § 1692 *et. seq.*

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692g by incorporating language that overshadows or contradicts the validation notice required under the FDCPA in Defendant's first communication sent to Plaintiffs in connection with the collection of an alleged debt.

20. As a result of the above violations of the FDCPA, Plaintiff has been subjected to illegal collection activities for which she has been damaged.

21. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of a class defined as (i) all persons to whom letters in the form of **Exhibit "A"** were sent (ii) in an attempt to collect a debt incurred for tuition expenses (iii) which were not returned undelivered by the U.S. Post Office, during the one year prior to the date of filing this action.

*Numerosity*

23.     Plaintiffs allege on information and belief based on the use of form letters in the form of **Exhibit "A"** that the class is so numerous that joinder of all members is impractical. Defendant represents numerous institutions like Bayside Education Institute and has likely sent such letters on behalf of other institutions to consumers. Plaintiffs estimate the Class has more than 100 members.

*Commonality*

24.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members, The principal issues include, without limitation:

>   a.     Whether **Exhibits "A"** incorporates language that overshadows or contradicts the validation notice required under the FDCPA in Defendant's first communication sent to Plaintiffs in connection with collection of an alleged debt.

Also, all of the Class members reside in the state of Florida and received the same or substantially similar communications from Defendant as the letters attached hereto as **Exhibit "A."**

*Typicality*

25.     Plaintiff's claims are typical of those of the class members and Plaintiff has no interest adverse or antagonistic to the interests of other members of the class. All are based on the same facts and legal theories.

### *Adequacy of Class Representation*

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

### *Predominance of Common Questions*

27. The common questions set forth in Paragraph 24 predominate over any individual issues.

### *Superiority of Class Resolution*

28. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

29. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

30. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for Defendant's conduct.

31. Absent a class action, the class members will continue to have their rights violated and will continue to suffer monetary damages.

32.     Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire class.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Class, and against Defendant for:

a. A declaration that Defendant's practices described herein violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*;

b. An award of actual damages in an amount to be proven at trial;

c. An award of statutory damages for Plaintiff in the amount of $1,000.00 for each and every violation of the FDCPA;

d. An order certifying this action to be a proper class action pursuant to Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

e. Attorney's fees, litigation expenses, and costs of suit; and

f. Such further and other relief the Court deems deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff individually and on behalf of all others similarly situated demands a trial by jury.

Respectfully submitted this **December 30, 2019**,

          */s/ Kaelyn Steinkraus*
          Kaelyn Steinkraus, Esq.
          Florida Bar No. 125132
          kaelyn@attorneydebtfighters.com
          Law Office of Michael A. Ziegler, P.L.
          2561 Nursery Road, Suite A
          Clearwater, FL 33764
          (p)  (727) 538-4188
          (f)  (727) 362-4778
          Attorney and Trial Counsel for Plaintiff